[Cite as *State v. Carter*, 2014-Ohio-2837.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-14-1012

    Appellee                                       Trial Court No. CR0199701111

v.

Willie J. Carter, III                               **DECISION AND JUDGMENT**

    Appellant                                     Decided:  June 27, 2014

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Willie J. Carter, III, pro se.

* * * * *

**JENSEN, J.**

**{¶ 1}** This is an accelerated appeal filed by defendant-appellant, Willie J. Carter,

III, from the December 26, 2013 judgment of the Lucas County Court of Common Pleas

which denied his motion for an allied offense determination.  For the reasons that follow,

we affirm the trial court judgment.

## I. Background

{¶ 2} Carter was convicted on August 29, 1997, of two counts of aggravated murder in connection with the August 18, 1996 murder of Destiny Elmore and the December 3, 1997 murder of Edward King. He was also convicted of one count of burglary arising from an August 16, 1996 offense. He was sentenced to serve a prison term of 20 years to life on the two aggravated murder charges, and a four-year term on the burglary charge. These prison terms were ordered to be served consecutively with each other and with his sentence in Lucas County case No. CR0199701330, where he had been sentenced to a 12-month term after being convicted of carrying a concealed weapon.

{¶ 3} Carter appealed the August 29, 2007 judgment to this court, arguing that the trial court erred in denying his motion to sever the trial of his co-defendants and that he received ineffective assistance of counsel. *State v. Carter,* 6th Dist. Lucas No. L-97-1334, 2000 WL 262347 (Mar. 10, 2000). We affirmed the trial court judgment.

{¶ 4} On November 12, 2010, appellant moved for resentencing on the grounds that the original sentence was void for having omitted a statutorily mandated term of postrelease control. On December 20, 2010, the trial court resentenced Carter via video conference. It reimposed the original sentence and advised Carter of his postrelease control obligations. Carter appealed from that judgment, arguing that the trial court violated his due-process rights by sentencing him via video-conferencing in a summary hearing without prior notice, and that the trial court erred in failing to conduct a de novo

2.

sentencing. *State v. Carter,* 6th Dist. Lucas No. L-11-1017, 2011-Ohio-4688. We again affirmed the trial court judgment.

{¶ 5} Carter filed a petition for writ of habeas corpus with the United States District Court for the Northern District of Ohio. The court dismissed that petition on May 28, 2013. *Carter v. Robinson,* N.D. Ohio No. 3:12 CV 00632, 2013 WL 2338107 (May 28, 2013).

{¶ 6} On August 30, 2013, Carter filed a motion in the Lucas County Court of Common Pleas in which he argued that his sentence was contrary to law because the court had failed to conduct the analysis set forth in *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, to determine whether his convictions were allied offenses of similar import that should have merged for purposes of sentencing. The state opposed Carter's motion, arguing that the *Johnson* analysis cannot be applied retroactively and that Carter was properly sentenced to consecutive sentences under the law that existed at the time of his sentencing. It pointed out that Carter's crimes involved separate offenses, separate animus, and separate victims.

{¶ 7} The trial court denied Carter's motion in a judgment journalized on December 26, 2013. It first clarified that Carter's motion for an allied-offense determination is actually a petition for postconviction relief under R.C. 2953.21. It concluded that the petition was untimely because it had been filed more than 180 days after the filing of the trial transcript in the direct appeal and no circumstances existed to excuse the delay. It also explained that res judicata barred Carter from challenging the

3.

imposition of consecutive sentences because the challenge was or could have been raised on an appeal from the judgment. And it ultimately held that *Johnson* was not to "be applied retroactively to alter the requisite allied offenses analysis."

{¶ 8} Carter appeals from the December 26, 2013 judgment and assigns the following error for our review:

> Whether the Federal Constitution's Fifth Amendment "Double Jeopardy" protections (and as codified in: O.R.C. § 2941.25), are subject to waiver even under the guise of res judicata or a petition for post conviction relief pursuant to O.R.C. § 2953.21[.]

## II. Law and Analysis

{¶ 9} We begin by noting that regardless of Carter's claim to the contrary, we agree with the trial court that his motion for an allied-offense determination is properly construed as a petition for postconviction relief. *State v. Reynolds,* 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus ("Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21."). As such, we review the trial court's denial of his petition under an abuse-of-discretion standard. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable,

4.

arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} As the trial court recognized, a petition for postconviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2). *See also State v. Porter,* 6th Dist. Lucas No. L-12-1243, 2013-Ohio-1360, ¶ 12 (holding that a petition for postconviction relief challenging the trial court's failure to merge allied offenses of similar import is subject to the 180-day time period). The trial transcript in Carter's direct appeal was filed in 1998. His petition was filed on August 30, 2013—long after the deadline for doing so had expired.

{¶ 11} R.C. 2953.23(A)(1) permits the filing of a petition beyond the 180-day time limit under limited circumstances. It requires the petitioner to:

> (1) demonstrate either that he was unavoidably prevented from discovering
> the facts upon which he relied for his claim, or subsequent to the period
> prescribed in R.C. 2953.21(A)(2) the United States Supreme Court
> recognized a new state or federal right that applies retroactively to a person
> in petitioner's position and his or her petition asserts a claim based on that
> and right; and (2) show, by clear and convincing evidence, "that but for
> constitutional error at trial, no reasonable factfinder would have found the
> petitioner guilty of the offense of which the petitioner was convicted."

5.

(Internal citations omitted.) *State v. Files*, 6th Dist. Lucas No. L-11-1226, 2012-Ohio-3295, ¶ 7.

{¶ 12} Carter has failed to establish the applicability of this exception. Instead, he argues that the failure to merge allied offenses at sentencing renders the sentence void. This court has rejected this argument, however. *See, e.g., State v. Guevara,* 6th Dist. Lucas No. L-12-1218, 2013-Ohio-728, ¶ 8. The deadline having passed, the trial court was without jurisdiction to consider his petition. *Id.*

{¶ 13} In addition to being time-barred, the trial court properly held that Carter's argument is barred by the doctrine of res judicata. We have held repeatedly that the failure to raise an allied-offenses claim on direct appeal precludes the issue from being litigated in a postconviction proceeding. *Guevara* at ¶ 9; *see also State v. Dority,* 6th Dist. Erie No. E-13-065, 2014-Ohio-966, ¶ 11; *State v. Rice,* 6th Dist. Lucas No. L-12-1127, 2012-Ohio-6250, ¶ 7. We have also repeatedly recognized that the merger analysis set forth in *Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, does not apply retroactively. *See State v. Robinson,* 6th Dist. Huron No. H-12-025, 2013-Ohio-2941, ¶ 10; *Porter,* 6th Dist. Lucas No. L-12-1243, 2013-Ohio-1360, at ¶ 13; *State v. Bork,* 6th Dist. Lucas No. L-12-1221, 2013-Ohio-3947, ¶ 8.

{¶ 14} Accordingly, we conclude that the trial court did not abuse its discretion in denying Carter's motion. We find his assignment of error not well-taken.

6.

## III. Conclusion

**{¶ 15}** We find Carter's assignment of error not well-taken and affirm the

December 26, 2013 judgment of the Lucas County Court of Common Pleas.  The costs of

this appeal are assessed to Carter pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.          

                                                                         
_____
                                                                                             JUDGE

Stephen A. Yarbrough, P.J.     

                                                                           
_____
James D. Jensen, J.                                                      JUDGE
CONCUR.

                                                                                             JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.