[Cite as *State v. Ellis*, 2014-Ohio-3226.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99830**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## L'DDARYL ELLIS

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-12-568532-A
Application for Reopening
Motion No. 473786

**RELEASED DATE:**     July 22, 2014

-i-

**FOR APPELLANT**

L'Ddaryl Ellis
Inmate No. 641-151
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Katherine Mullin
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} On April 7, 2014, the applicant, L'Ddaryl Ellis, pursuant to App.R. 26(B), and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Ellis*, 8th Dist. Cuyahoga No. 99830, 2014-Ohio-116, in which this court affirmed Ellis's convictions for murder, involuntary manslaughter, discharge of a firearm near prohibited premises, and three counts of felonious assault all with firearm specifications, but reversed a conviction for aggravated rioting. Ellis argues that his appellate counsel should have argued that (1) Ellis's double jeopardy rights were violated, (2) the trial judge erred in finding him guilty of involuntary manslaughter, (3) the trial judge erred in allowing a detective to testify as a ballistics expert, (4) the indictment did not properly notify him of involuntary manslaughter, and (5) defense trial counsel was ineffective for not making the above arguments. On June 9, 2014, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application.

{¶2} On March 13, 2012, a group of men were lounging on East 95th Street. Two members of this group while going to a store, saw Ellis with a firearm; he was with several other men. While returning from the store, they again saw Ellis with a firearm, and they heard shots. Several minutes later, Ellis and his group arrived at East 95th Street, and a firefight broke out between the two groups, during which a bullet went

through a window frame of a house and killed a woman.

{¶3} The grand jury indicted Ellis for two counts of discharge of a firearm near prohibited premises, nine counts of felonious assault, aggravated murder, murder, and aggravated riot, along with firearm specifications. At a bench trial, the state presented evidence that Ellis fired a 9mm handgun approximately eight times, and one of those was the fatal shot. The trial judge found him guilty of murder, one charge of discharging a weapon near prohibited premises, aggravated rioting, and three counts of felonious assault. The trial judge further found him not guilty of aggravated murder, but guilty of the lesser included offense of involuntary manslaughter. At sentencing, the trial judge merged all the counts concerning the woman — murder, involuntary manslaughter, two counts of felonious assault, and discharge of a firearm near prohibited premises and the state elected to sentence on murder. The trial judge did not merge the convictions for aggravated rioting and felonious assault on one of the men. The judge imposed a 21-years to life sentence.

{¶4} Appellate counsel argued sufficiency of the evidence, manifest weight, failure to merge all of the counts, error in forcing a witness to testify, failure to find self-defense, failure to consider the lesser included offense of aggravated assault, error in consulting the transcript and ineffective assistance of trial counsel for failing to object, failing to impeach, and failing to explain the ramifications of waiving a jury. This court sustained the argument on the sufficiency of the evidence for aggravated rioting and

overruled the remaining assignments of error.

{¶5} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶6} In *Strickland,* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶7} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on

appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶8} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶9} Ellis's first argument is that his double jeopardy rights were violated. He seems to maintain that his multiple indictments and convictions subjected him to be twice put in jeopardy for the same offense. In other words a determination of guilt on one count of a multicount indictment immediately raises a double jeopardy bar to prosecution on the remaining counts. The United States Supreme Court rejected that argument in

*Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). The double jeopardy Clause is not implicated by continuing prosecution on the other charges in the indictment. *Id.* at 435. To the extent that Ellis argues that he was punished multiple times for the same crime, the argument is ill-founded. The trial court merged all the counts relating to the woman's death and pursuant to law sentenced only on one count, murder. Moreover, appellate counsel argued that all of the counts should have been merged and, thus, could not be considered ineffective for failing to argue double jeopardy. Moreover, res judicata also bars this argument because Ellis raised the issue in his pro se App.R. 26(A) motion for reconsideration, which this court denied.

{¶10} In his second and fourth arguments, Ellis claims that the trial court violated his due process rights by not giving him fair notice of the unindicted charge of involuntary manslaughter and then finding him guilty of that offense. Ellis partially frames these arguments as error in instructing on a lesser included offense. However, involuntary manslaughter is a lesser included offense of aggravated murder. *State v. Thomas,* 40 Ohio St.3d 213, 533 N.E.2d 286 (1988). In *State v. Carter*, 2d Dist. Miami No. 82CA52, 1982 Ohio App. LEXIS 13290 (Oct. 14, 1983), the court of appeals ruled that a charge of murder necessarily apprises the defendant that he must defend against lesser included offenses. Thus, Ellis had sufficient notice. Because Ellis's trial was to the bench, his efforts to frame the argument as an error in instructing the jury are unavailing. The court further notes that Ellis's trial counsel asked the judge to consider

the lesser included offense of involuntary manslaughter as a matter strategy, presumably to avoid the greater punishments under aggravated murder. (Tr. 590.) Thus, these arguments are unpersuasive.

{¶11} Ellis also argues that the trial judge erred in allowing an unqualified expert to testify as to the actual caliber of the morgue bullet and further erred in not conducting a pretrial hearing to establish the detective's qualifications to be an expert. However, the detective testified that he has been a firearms examiner in the Cleveland Police Department's forensics lab for four years, that he test fires the guns that are seized throughout the City, that he performs comparisons and examinations on crime scene evidence, morgue bullets, crime scene bullets, and cartridge cases, and that he has attended the Forensic Technologies Institute. He also testified that the Cleveland Police Department uses 9mm handguns. Given these qualifications, it is understandable that both trial counsel and appellate counsel in the exercise of professional judgment would decline to argue that the detective was not qualified to opine on a 9mm morgue bullet. To the extent that Ellis argues that he and his counsel were not given sufficient notice, the record shows that the state disclosed the forensics report and that the detective would be a witness.

{¶12} Finally, Ellis argues that his trial counsel should have made the above arguments. Because those argument were not well-taken, trial counsel was not ineffective for failing to raise them.

{**¶13**} Accordingly, this court denies the application.

_____
PATRICIA ANN BLACKMON, JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR