[Cite as *State v. Howard*, 2014-Ohio-4602.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26069 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2003-CR-4526 |
| v. | : | |
| | : | |
| LEONARD C. HOWARD | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of October, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

LEONARD C. HOWARD, Inmate No. 475-121, 878 Coitsville-Hubbard Road, Youngstown, Ohio 44505
        Defendant-Appellant-Pro Se

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Leonard C. Howard appeals from an order overruling his petition for post-conviction relief.   Howard contends that the trial court improperly found that his single criminal act could be divided into multiple criminal acts and consecutive sentences

imposed for these acts.

{¶ 2}    We conclude that the trial court did not abuse its discretion by overruling Howard's petition on the basis of res judicata.   Accordingly, the order from which this appeal is taken is Affirmed.

## I. Course of the Proceedings

{¶ 3}    In 2004, Howard was convicted and sentenced for two counts of Aggravated Robbery (deadly weapon), two counts of Aggravated Robbery (serious harm), two counts of Felonious Assault (deadly weapon), two counts of Felonious Assault (serious harm), one count of Receiving Stolen Property, one count of Burglary (habitation), one count of Aggravated Burglary (deadly weapon), and one count of Aggravated Burglary (physical harm).   He received a thirty-year prison term.   We affirmed.   *State v. Howard*, 2d Dist. Montgomery No. 20575, 2005-Ohio-3702.

{¶ 4}    In May 2013, Howard filed a "Motion To Modify The Defendant's Sentence."  In his motion, Howard cited R.C. 2953.21 as authority for the trial court to modify his sentence.   Howard requested that the trial court modify his sentence by changing all of the consecutive sentences to instead run concurrently with one another.   The trial court overruled this motion.

{¶ 5}    In July 2013, Howard filed a "Motion to Correct Unconstitutional Sentence Per R.C. 2929.14," and one week later filed an "Amended" version of the motion.   In these two documents, Howard contended that his prison sentence violated R.C.2929.14(B)(1)(b)'s prohibition against imposing "more than one prison term on an offender under division (B)(1)(a)

of this section for felonies committed as part of the same act or transaction." According to Howard, all of his prison sentences should have been run concurrently rather than consecutively, resulting in a prison sentence of ten years instead of thirty years.

{¶ 6} The trial court overruled Howard's motion, finding that his arguments were without merit and were barred by the doctrine of res judicata. From the order overruling his motion, Howard appeals.

## II. The Doctrine of Res Judicata Precludes Howard from Raising Issues in his Petition for Post-Conviction Relief that He Could Have Raised in his Direct Appeal

{¶ 7} Howard's sole assignment of error states:

THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT'S SINGLE ACTION WAS DIVISIBLE INTO MULTIPLE VIOLATIONS FOR WHICH HE WAS SENTENCED TO SEVERAL CONSECUTIVE PRISON TERMS IN DIRECT VIOLATION OF THE DOUBLE JEOPARDY CLAUSE OF THE U.S. CONSTITUTION.

{¶ 8} Howard's motions filed in 2013 are petitions for post-conviction relief, pursuant to R.C. 2953.21. "We review trial court decisions on petitions for post-conviction relief under an abuse of discretion standard." (Citations omitted.) *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 27. The term "abuse of discretion" has been defined as a decision that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

{¶ 9} Howard challenges the trial court's decision in 2004 to impose consecutive

sentences rather than concurrent sentences. On direct appeal, Howard contended, among other things, that the trial court erred in imposing consecutive sentences. We affirmed the trial court's decision. *State v. Howard*, 2d Dist. Montgomery No. 20575, 2005-Ohio-3702. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Consequently, Howard's contention that the trial court erred in imposing consecutive sentences rather than concurrent sentences is barred by the doctrine of res judicata.

{¶ 10} In its brief, the State construes Howard's assignment of error as raising an allied offenses of similar import argument. Allied offenses of similar import are governed by R.C. 2941.25. Howard failed to invoke that statute. Moreover, a contention that the trial court should have merged some of his offenses is a contention that should have been raised in Howard's direct appeal. Consequently, this argument is barred by the doctrine of res judicata. *Perkins* at ¶ 71-74.

{¶ 11} Howard argues that a claim raised under the Double Jeopardy provisions of the United States Constitution and the Ohio Constitution is not subject to res judicata. But allied-offenses claims, based upon R.C. 2941.25, Ohio's codification of the double-jeopardy restriction, are subject to res judicata. *State v. Carter*, 6th Dist. Lucas No. L-14-1012, 2014-Ohio-2837, ¶ 13. *See also State v. Mack*, 10th Dist. Franklin No. 13AP-884, 2014-Ohio-1648, ¶ 5-9; *State v. Ellis*, 8th Dist. Cuyahoga No. 99830, 2014-Ohio-3226, ¶ 9; *State*

*v. Singleton*, 2d Dist. Montgomery No. 25946, 2014-Ohio-630, ¶ 20.

{¶ 12}  Howard's sole assignment of error is overruled.

### III. Conclusion

{¶ 13}  Howard's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and HALL, J., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Leonard C. Howard
Hon. Gregory F. Singer