[Cite as *State v. Oglesby*, 2018-Ohio-871.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27626 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-50 |
| | : | |
| BRYAN OGLESBY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 9th day of March, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHARLES W. SLICER, III, Atty. Reg. No. 0059927, 426 Patterson Road, Dayton, Ohio 45419
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Bryan Oglesby appeals from a decision and entry of the Montgomery County Court of Common Pleas denying his petition for post-conviction relief. He contends that the trial court abused its discretion in denying the petition.

{¶ 2} We conclude that the trial court did not abuse its discretion in denying the petition as it was untimely and Oglesby failed to present any evidence that he was unavoidably prevented from discovering the evidence upon which he relied. Accordingly, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

{¶ 3} In May 2013, Oglesby was indicted, in case number 2013-CR-50, on one count of felonious assault (serious physical harm), one count of felonious assault (deadly weapon), and one count of having a weapon under a disability. All three counts included a firearm specification. He was charged in another indictment, case number 2013-CR-1282, with assault upon a corrections officer.

{¶ 4} During a pretrial hearing, the State offered a negotiated plea whereby the State would agree to an aggregate prison term in the range of seven to ten years in exchange for a guilty plea on all charges in both indictments. Oglesby rejected the offer and made a counter offer with a mandatory minimum sentence of five years. The State rejected the counter, but did not withdraw its prior offer. Oglesby subsequently entered a guilty plea to all charges and specifications without an agreement as to the sentence.

{¶ 5} Prior to sentencing, Oglesby filed a motion to withdraw the plea. New counsel was appointed to represent Oglesby as it became evident that his original

counsel might be required to testify at the motion hearing. A hearing was conducted in April 2014 following which the trial court denied the motion.

{¶ 6} Thereafter, a sentencing hearing was conducted. The trial court sentenced Oglesby to an aggregate prison term of 12 years. Oglesby appealed his conviction and sentence in both cases. In his appeal, he claimed that his plea had not been made voluntarily. This court affirmed the conviction and sentence in an opinion rendered on June 26, 2015. *See State v. Oglesby*, 2d Dist. Montgomery No. 26251, 2015-Ohio-2557, *appeal not allowed*, 144 Ohio St. 3d 1459 (Table), 2015-Ohio-2557, 44 N.E.3d 288.

{¶ 7} On April 25, 2017, Oglesby filed a document entitled "Motion for Post Conviction Relief, Alternatively, A Motion For An Order reopening Defendant's Motion to Withdraw Plea And Other Relief." Oglesby claimed that his original counsel had told him, prior to the plea, that he would receive a five-year sentence. Four affidavits, executed by Oglesby, his mother, his aunt and his grandmother, were attached to the motion. All four affiants averred that counsel had promised Oglesby that he would receive a five-year sentence. The trial court overruled the motion without a hearing by entry filed May 22, 2017. The trial court found that the petition was untimely and that it was barred by the doctrine of res judicata. The trial court also ruled that the motion to reopen his motion to withdraw plea was barred by res judicata.

{¶ 8} Oglesby appeals.[1]


**II. Analysis**

{¶ 9} Oglesby's sole assignment of error states as follows:

---

[1] Oglesby has filed an appeal only from 2013-CR-50.

THE TRIAL COURT COMMITTED ABUSE OF DISCRETION AND/OR ERROR WHEN IT DENIED THE MOTION FOR POST CONVICTION RELIEF

{¶ 10} Oglesby contends that the trial court should have granted his motion for post-conviction relief.   In support, he contends he presented new evidence establishing that that trial counsel promised him he would receive a five-year sentence.   He further claims that he would not have entered a plea of guilty without this promise.

{¶ 11} A petition for post-conviction relief in Ohio is a statutorily created remedy set forth in R.C. 2953.21.   R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."   The post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment.   *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

{¶ 12} A petition for post-conviction relief must meet strict timeliness requirements.   R.C. 2953.21(A)(2), during the relevant time period, required that a post-conviction petition be filed "no later than one hundred and eighty days after the date on which the trial transcript was filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication."   Here, Oglesby filed the transcript for his direct appeal on August 20, 2014.   Thus, his deadline to file a petition for post-conviction relief expired in February 2015.   Oglesby's petition, which was filed on April 25, 2017, is untimely.[2]

---

[2] Effective March 23, 2015, R.C. 2953.21(A)(2) was amended to extend the filing deadline to three hundred and sixty-five days after the date the trial transcript was filed in the court of appeals.   Thus, even if the more generous filing date is utilized, Oglesby's petition was

{¶ 13} A trial court may not entertain an untimely post-conviction relief petition unless the petitioner initially demonstrates either (1) the petition was not timely filed because he was unavoidably prevented from discovering the facts necessary for the claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation. R.C. 2953.23(A)(1)(a). "The phrase 'unavoidably prevented' in R.C. 2953.23(A)(1)(a) means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *State v. Turner*, 10th Dist. Franklin No. 06AP–876, 2007-Ohio-1468, ¶ 11.

{¶ 14} Because Oglesby's petition for post-conviction relief is untimely, he must establish that he falls within one of the exceptions specified in R.C. 2953.23(A) that would permit him a longer time period to file his petition. We note that neither his petition nor the four affidavits attached thereto address the issue of timeliness, nor do they raise a claim that Oglesby was unavoidably prevented from discovering the facts relevant to the petition. Further, his appellate brief fails to address these issues.

{¶ 15} Although he does not directly address the lack of timeliness, Oglesby claims that the information upon which he relies was "not known at the time of the initial hearing on the motion to withdraw the plea nor was it argued in the initial motion." Thus, applying a liberal reading of his brief, it appears that he attempts to argue that the time for filing is extended because he was unavoidably prevented from discovering that counsel had promised him that he would be sentenced to a term of five years

{¶ 16} We cannot discern from the record any evidence to support a finding of unavoidable delay. Oglesby's contention that he was promised a five-year sentence

---

not timely filed.

relies solely upon information provided by himself, his mother, his aunt and his grandmother. All of them aver that on the day of the plea hearing, they observed counsel hold up five fingers to signal that Oglesby would get a five-year sentence. They also aver that they heard counsel state that Oglesby would receive a five-year sentence. None of the relatives aver that they were prevented from providing this information to Oglesby. Nor does he aver that he was unable to communicate with his relatives.

{¶ 17} Even if Oglesby was not aware, or was unable to ascertain, that his relatives heard the alleged promise or saw the alleged gesture, his own affidavit indicates that he was aware of counsel's promise prior to the hearing on the motion to withdraw. Yet he failed to raise this issue in his motion to withdraw the plea.

{¶ 18} Further, the fact that Oglesby heard the promise and observed the gesture supports the trial court's finding that the petition is barred by the doctrine of res judicata as Oglesby could have raised the issue in his motion to withdraw.

{¶ 19} "We review trial court decisions on petitions for post-conviction relief under an abuse of discretion standard." (Citations omitted.) *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 27. "The term 'abuse of discretion' has been defined as a decision that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *State v. Howard*, 2d Dist. Montgomery No. 26060, 2014-Ohio-4602, ¶ 8.

{¶ 20} Based upon this record, we cannot conclude that the trial court abused its discretion by denying the petition for post-conviction relief. Accordingly, the judgment of the trial court is affirmed.

**III. Conclusion**

{¶ 21} Oglesby's sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Andrew T. French
Charles W. Slicer, III
Hon. Dennis J. Adkins