OPINION
{¶ 1} Macon Hill is appealing the Greene County Common Pleas Court's judgment denying his request to vacate his plea post sentence and his petition for postconviction relief without a hearing.
 {¶ 2} On October 7, 2002, Hill was indicted on one count of theft and one count of receiving stolen property. Three days later, Hill was also indicted on one count of burglary as a third degree felony, and one count of burglary as a fourth degree felony. As a result of a plea agreement, Hill pled guilty to one count of receiving stolen property and one count of burglary as a third degree felony. The remaining counts against Hill were dismissed. On March 18, 2003, Hill was sentenced to two years of imprisonment. On October 8, 2003, Hill filed a petition for post-conviction relief, which the trial court denied on November 14, 2003. Hill has filed this delayed appeal of that judgment, raising the following as his sole assignment of error.
 {¶ 3} "A Plea must be withdrawn to correct a manifest injustice when it is not intelligently, knowingly or voluntarily given."
 {¶ 4} Hill argues that the trial court should have granted his motion to vacate his plea and his petition for post-conviction relief because he offered evidence that he entered into the plea due to false promises made to him by his trial attorney. We disagree.
 {¶ 5} A motion to withdraw a guilty plea after sentence has been imposed will only be granted to correct a manifest injustice. Crim.R. 32.1. A plea must be knowingly, intelligently and voluntarily made in order to abide by the U.S. and Ohio Constitutions. State v. Engle
(1996), 74 Ohio St.3d 525, 527. In determining whether to permit a defendant to withdraw his or her plea, the court must consider whether the plea would otherwise have been made but for the alleged error. Statev. Nero (1990), 56 Ohio St.3d 106, 108. If the trial court substantially complied with Criminal Rule 11(C) such that under the totality of the circumstances the defendant subjectively understood the implications of his plea and the rights he was waiving, then the defendant's plea is not void. Id.
 {¶ 6} Hill asserts that he should be allowed to withdraw his plea because it was less than knowing and voluntary. In support of his argument, Hill's sole assertion is that his trial counsel misinformed him that he would receive time served and that his conviction could possibly be expunged later. However, these assertions by Hill and his parents conflict with the plea form and the transcript of the plea hearing. The plea form, which Hill initialed, provided that the State was recommending a two year prison sentence on the charges. Additionally, at the plea hearing, the trial court read to Hill the State's recommendation of a two year sentence and Hill indicated his understanding of that possible prison sentence. Further, Hill indicated that he was entering the plea voluntarily and that no one had forced him to enter the plea, but rather that it was his own decision. Having reviewed the transcript and the record, we cannot say that Hill did not subjectively understand that a possibility existed that his plea would result in his receiving a two year prison sentence. Therefore, we find that Crim.R. 11(C) was substantially complied with and that Hill's plea was knowingly, intelligently, and voluntarily entered. The trial court did not err in determining that a manifest injustice had not occurred and in denying Hill's motion to withdraw his plea post sentence.
 {¶ 7} As for Hill's petition for post-conviction relief, in order to succeed on such a petition, the petitioner must show that a constitutional violation occurred at the time of his trial and conviction. State v. Hill (Nov. 21, 1997), Hamilton App. No. C-961052. Id. The petitioner in a post-conviction relief proceeding bears the initial burden of submitting evidentiary documents with sufficient facts to demonstrate a constitutional deprivation, such as ineffective assistance of counsel. State v. Jackson (1980), 64 Ohio St.2d 107.
 {¶ 8} Rather than automatically being granted a hearing on the petition, the trial court must determine from an analysis of the petition and its supporting affidavits whether substantive grounds for the relief are present, meriting a hearing. State v. Lawson (1995),103 Ohio App.3d 307. Thus, in order to obtain a hearing, the petition must present a claim that, on its face, raises a constitutional issue that depends upon factual allegations that cannot be determined by examination of only the record. The simple fact that the petitioner filed supporting affidavits and documents does not force the trial court to hold a hearing on the petition. Id. When the evidence a petitioner relies upon dehors the record that evidence must meet a threshold of cogency. Id. Cogent evidence is that which is more than "marginally significant" and advances a claim "beyond mere hypothesis and desire for further discovery." Id.
 {¶ 9} In assessing affidavits that have been submitted with a post-conviction relief petition, the court should give them due deference but may use its discretion to weigh the credibility of the affidavits in deciding whether to accept the statements as true. State v. Calhoun
(1999), 86 Ohio St.3d 279. A petition for post-conviction relief may be properly denied without a hearing where the petition, its supporting evidence, and the record "do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief." Id. When denying a petition for post-conviction relief, the court should issue "proper findings of fact and conclusions of law where such findings are comprehensive and pertinent to the issues presented, where the findings demonstrate the basis for the decision by the trial court, and where the findings are supported by the evidence." Id.
 {¶ 10} In Calhoun, the Ohio Supreme Court also set forth the following factors for the trial court to consider in determining the credibility of affidavits filed in support of petitions, "(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contained nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, * * * (5) whether the affidavits contradict evidence proffered by the defense at trial, [and (6) whether] sworn testimony in an affidavit [is] contradicted by evidence in the record by the same witness, or [is] so internally inconsistent" that the credibility of that testimony is weakened.
 {¶ 11} After a review of the evidence, we cannot find that the trial court erred in denying Hill's petition for post-conviction relief without holding a hearing. Applying the Calhoun standard, we find the trial court was correct in failing to assign much credibility to the affidavits in support of Hill's petition. The affidavits Hill submitted contained very similar language as if they had been formulated by the same individual. Further, the affidavits are from Hill and his relatives, specifically his parents. The affidavits also contradict Hill's statement at the plea hearing that he was entering the plea voluntarily. Moreover, the trial court judge that considered the post-conviction relief motion and the motion to vacate his plea was the same judge that presided over the plea hearing and final disposition. These factors support the trial court's determination that the affidavits in support of Hill's petition were not credible.
 {¶ 12} In the instant case, Hill argues that his attorney promised him that he would be sentenced to time served and not serve any additional prison time if he pled guilty. Further, Hill also claims his trial counsel informed him that he could have these convictions expunged at a later date.
 {¶ 13} We evaluate ineffective assistance of counsel arguments in light of the two prong analysis set forth in Strickland v. Washington
(1984), 466 U.S. 668. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. See id. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. See id. at 687. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. See id. at 689.
 {¶ 14} In evaluating claims by defendants that a counsel's misinformation led to their plea, courts have said that a counsel's erroneous advice about the consequences of the plea does not rise to the level of ineffectiveness. State v. Xie (1992), 62 Ohio St.3d 521; Statev. Arvanitis (1986), 36 Ohio App.3d 213; State v. Herrington (Feb. 21, 1995), Clermont App. No. CA94-07-060. A properly licensed attorney in the State of Ohio is presumed competent. State v. Smith (1985),17 Ohio St.3d 98; State v. Jackson (1980), 64 Ohio St.2d 107.
 {¶ 15} The plea form that Hill initialed clearly stated that the State was recommending a two year sentence of incarceration. Thus, Hill was aware that the State was seeking a prison sentence despite his plea. Additionally, at the plea hearing, Hill indicated that he was completely satisfied with his attorney's services and that his counsel had advised him of his rights and answered all of his questions. Hill continued on to state that he was entering the plea voluntarily and that no one had forced him to make the agreement. Moreover, at the plea hearing the trial court read the plea agreement to Hill, including that the State was recommending a two year prison sentence. Hill indicated that this was his understanding of the agreement. The evidence does not indicate that Hill's counsel prevented Hill from knowingly and voluntarily entering his plea. Therefore, Hill failed to provide evidence of a constitutional deprivation in the entry of his guilty plea in this matter. The trial court was proper in dismissing the petition without a hearing.
 {¶ 16} Hill's assignment of error is without merit and overruled. The judgment of the trial court is affirmed.
Wolff, J., concurs.