OPINION
{¶ 1} This matter is before the court on the pro se Notice of Appeal of Robert Frank Goldwire, filed December 22, 2004. The State indicted Appellant and a jury convicted him of rape, aggravated burglary and an attendant firearm specification after he forced his way into the residence of his former girlfriend and forcibly raped her at gunpoint. After responding to a knock on her door in the early afternoon, the victim found Appellant standing there pointing a gun with a laser sight at her. She backed into her apartment, and the rape occurred in her bedroom. Afterwards, Appellant made the victim take a shower with him. The victim contacted Officers Mark Ponichtera and Patricia Sharp of the Dayton Police Department, reporting that Appellant assaulted her with a gun. She was subsequently interviewed by Detective Carol Ewing and Sergeant Thomas Lawson, at which time she revealed the rape. The victim initially did not report being raped because she was ashamed and feared she would not be believed. In a written statement, she reported that Appellant left her apartment when she told him she had to pick up her son at school. Later, she stated that she drove Appellant to pick up his pay check, and that Appellant actually accompanied her to pick up her son. When Appellant was apprehended, at the residence of another woman, a .38 caliber semiautomatic with a laser site was recovered and submitted to the Miami Valley Regional Crime Lab for testing.
 {¶ 2} At trial, counsel for Appellant argued that Appellant and the victim engaged in consensual sex. Appellant was ordered to submit pubic hair and semen samples for DNA analysis, but ultimately the analysis was not performed given Appellant's defense of consensual sex. Evidence was also taken from the victim's apartment, but again, DNA analysis was never performed.
 {¶ 3} The court sentenced Appellant to an aggregate prison term of 20 years and designated him a sexually-oriented offender. Appellant sought post-conviction relief pro se on July 29, 2003. He now appeals the trial court's November 30, 2004 decision denying his petition and granting the State's motion for summary judgment, holding that the doctrine of res judicata barred all of Appellant's claims. He asserts five assignments of error.
 {¶ 4} We affirmed Appellant's conviction November 14, 2003.State v. Goldwire, Montgomery App. No. 19659, 2003-Ohio-6066.
 {¶ 5} Appellant's first assignment of error is as follows:
 {¶ 6} "TRIAL COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON THE PETITIONER-APPELLANT'S CLAIM THAT HE WAS DENIED DUE PROCESS OF LAW IN VIOLATION OF THE U.S. CONSTITUTION,14TH AMENDMENT AND THE OHIO CONSTITUTION, ARTICLE ONE, SECTION 16, WHEN THE STATE FAILED TO TEST THE PETITIONER'S DNA, PUBIC HAIR AND SEMEN AGAINST EVIDENCE COLLECTED AT THE ALLEGED CRIME SCENE, OR FAILED TO TURN OVER THE RESULTS TO THE PETITIONER, WHERE SUCH EVIDENCE HAD POTENTIALLY OBVIOUS EXCULPATORY VALUE"
 {¶ 7} "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." Yocum v. Means, Darke App. No. 1576, 2002-Ohio-3803.
 {¶ 8} Appellate review of a trial court decision granting summary judgment is de novo. Cox v. Kettering Medical Center,
Montgomery App. No. 20614, 2005-Ohio-5003.
 {¶ 9} "The post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment." State v. Monroe, Franklin App. No. 04AP6-58, 2005-Ohio5242. R.C. 2953.21 allows "[a]ny person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the conviction void or voidable under the Ohio Constitution or the United States Constitution" to petition the trial court to vacate or set aside his sentence. "[I]n order to succeed on such a petition, the petitioner must show that a constitutional violation occurred at the time of his trial and conviction."State v. Hill, Greene App. No. 2004 CA 79, 2005-Ohio 3176. It is the petitioner's burden to submit "evidentiary documents with sufficient facts to demonstrate a constitutional deprivation, such as ineffective assistance of counsel." Id. (Internal citations omitted.) "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." Id. "When the evidence a defendant relies upon dehors the record that evidence must meet a threshold of cogency." Id. "Cogent evidence is that which is more than `marginally significant' and advances a claim `beyond mere hypothesis and desire for further discovery.'" Id.
 {¶ 10} "Rather than grant a hearing on the petition, the trial court must determine from an analysis of the petition and its supporting affidavits whether substantive grounds for the relief are present, meriting a hearing." Id. "Broad conclusory allegations are insufficient, as a matter of law, to require a hearing." State v. Coleman, Clark App. Nos. 04CA43, 04CA44, 2005-Ohio-3874. "A petitioner is not entitled to a hearing if his claim for relief is belied by the record and is unsupported by any operative facts other than Defendant's own self-serving affidavit or statements in his petition, which alone are legally insufficient to rebut the record on review." Id. "In reviewing petitions for post-conviction relief, a trial court may, in the exercise of its sound discretion, weigh the credibility of affidavits submitted in support of the petition in determining whether to accept the affidavit as true statements of fact." Id.
 {¶ 11} "The most significant restriction on Ohio's statutory procedure for post-conviction relief is that the doctrine of res judicata requires that the claim presented in support of the petition represent error supported by evidence outside the record generated by the direct criminal proceedings." State v. Monroe,
Franklin App. No. 04AP-658, 2005-Ohio-5242. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment."State v. Perry (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. "Our statutes do not contemplate relitigation of those claims in post conviction proceedings where there are no allegations to show that they could not have been fully adjudicated by the judgment of conviction and an appeal therefrom." Id. "To overcome the res judicata bar, the petitioner must produce new evidence that renders the judgment void or voidable, and show that he could not have appealed the claim based upon information contained in the original record." State v. Aldridge (1997), Ohio App.3d 122, 151, 697 N.E.2d 228. "`Res judicata also implicitly bars a petitioner from `repackaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal." Monroe.
 {¶ 12} The State's failure to analyze Appellant's DNA, pubic hair and semen samples against evidence collected at the crime scene was litigated on direct appeal, and the doctrine of res judicata bars Appellant from relitigating the issue herein. Further, the record does not contain any support for Appellant's argument that evidence was withheld when in fact the testing did not occur given Appellant's defense of consensual sex.
 {¶ 13} We note that within Appellant's first assignment of error he also argues that the State's "concealment of the forensic test results and latent fingerprints recovered from the gun used as an exhibit in the Appellant's trial are obvious Brady violations" under Brady v. Maryland (1963), 373 U.S. 83,83 S.Ct. 1194, 10 L.Ed.2d 215. Appellant failed to raise this argument at trial and on direct appeal, and res judicata applies. Further, there is no evidence that the crime lab completed a fingerprint comparison. Appellant's first assignment of error is overruled.
 {¶ 14} "THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD AN EVIDENTIARY HEARING REGARDING THE PETITIONER'S CLAIM THAT HE WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL SECURED BY THE U.S. CONSTITUTION, SIXTH AMENDMENT, AND THE OHIO CONSTITUTION ARTICLE ONE, SECTION TEN, WHEN COUNSEL FAILED TO DEMAND PRODUCTION OF THE RESULTS OF TESTS PERFORMED ON EVIDENCE COLLECTED FROM THE ALLEGED SCENE OF THE PETITIONER'S CRIME TO DETERMINE IF THE SAMPLES THAT WERE GIVEN BY THE PETITIONER WERE POSITIVE OR NEGATIVE TO EFFECTIVELY ASSIST THE PETITIONER DURING HIS TRIAL"
 {¶ 15} In his direct appeal, Appellant argued that his counsel was ineffective for not presenting DNA evidence that he had not penetrated or ejaculated inside the victim as she testified. Appellant's ineffective assistance of counsel claim in this assignment of error is barred by the doctrine of res judicata. Appellant's second assignment of error is overruled.
 {¶ 16} Appellant's third assignment of error is as follows:
 {¶ 17} "THE TRIAL COURT ERRED WHEN IT FAILED TO HOLD AN EVIDENTIARY HEARING BASED ON THE AFFIDAVIT OF THE PETITIONER'S ALIBI WITNESS (RODNEY MOREE)"
 {¶ 18} "If a petition presents issues which could not have been raised at trial or upon direct appeal without resorting to evidence outside the record, res judicata does not bar review in a petition for post-conviction relief." State v. Adams, Licking App. No. 2005-CA-0024.
 {¶ 19} On his direct appeal, Appellant argued that his trial counsel was ineffective for failing to develop an alibi defense. We noted therein that Appellant asked us to consider matter that was not part of the trial record, which is improper on appeal. While res judicata does not apply to evidence outside the record, the Appellant must present substantive facts and not mere self-serving affidavits in order to obtain a post-conviction relief hearing. Mr. Moree's affidavit states that Appellant was at his home from 8:00 a.m. until Mr. Moree witnessed Appellant get into a vehicle with the victim at approximately 3:00 p.m. on the date of the incident, which Appellant asserts is three hours after the victim claimed the rape occurred. While the trial court erred in applying the doctrine of res judicata to the affidavit, the affidavit nevertheless does not meet the threshold of cogency that entitles a petitioner to a hearing, and the trial court did not err in refusing to hold one. The facts it contains do not demonstrate a constitutional deprivation given that Appellant's defense was that he had consensual sex with the victim at her apartment. Finally, Appellant, in light of hindsight, may not now attempt to present an alibi in lieu of his failed defense of consent. Appellant's third assignment of error is overruled.
 {¶ 20} Appellant's fourth assignment of error is as follows:
 {¶ 21} "THE TRIAL COURT ERRED WHEN IT DID NOT HOLD AN EVIDENTIARY HEARING IN RESPONSE TO THE PETITIONER-APPELLANT'S CLAIM THAT HIS SPEEDY TRIAL RIGHTS HAD BEEN VIOLATED BY BOTH THE STATES [sic] FILING OF A CONTINUANCE UNDER FALSE PRETENSES AS WELL AS COUNSELS [sic] FAILURE TO MOTION TO DISMISS FOR THE STATE'S FAILURE TO TRY THE APPELLANT BEFORE THE MANDATED TIME UNDER R.C. 2945.71, THE 6TH AMENDMENT OF THE U.S. CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION."
 {¶ 22} Appellant failed to raise the issue of his right to a speedy trial at trial or on direct appeal, thus this argument has been waived. Appellant's fourth assignment of error is overruled.
 {¶ 23} Appellant's fifth assignment of error is as follows:
 {¶ 24} "THE TRIAL COURT ERRED WHEN IT DENIED THE APPELLANTP-ETITIONER A EVIDENTIARY HEARING TO REVIEW AND EXAMINE HIS CLAIM THAT HE WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, A FAIR TRIAL AND DUE PROCESS WHEN TRIAL COUNSEL FAILED TO INTRODUCE THE MULTIPLE CONFLICTING STATEMENTS AND MISINFORMATION THAT THE ALLEGED VICTIM GAVE TO PROMPT THE DAYTON PD TO ARREST THE PETITIONER AND WHEN COUNSEL FAILED TO ENTER OR ATTEMPT TO ENTER THESE STATEMENTS INTO THE PETITIONER'S TRIAL TO IMPEACH THE CREDIBILITY OF THE ALLEGED VICTIM AND COUNTER THE TIME LINE PUT FORTH BY THE STATE AS WELL AS SECURE OR ATTEMPT TO SECURE THE TESTIMONY OF THE OFFICERS CAROL EWING, PATRICIA SHARP AND MARK PONICHTERA AND CROSS EXAMINE THEM WITH THEIR STATEMENTS INTRODUCED INTO THE PETITIONER'S TRIAL TO SHOW THE JURY THE EXTENT OF THE ALLEGED VICTIMS DECEPTION"
 {¶ 25} The victim's "conflicting statements" are part of the record. Appellant did not call Carol Ewing, Patricia Sharp and Mark Ponichtera at trial. This belated attack on the credibility of the victim could have been presented at trial or on Appellant's direct appeal, and it is now barred by the doctrine of res judicata. Appellant's fifth assignment of error is overruled.
 {¶ 26} The judgement of the trial court is affirmed.
Fain, J. and Young, J., concur.
(Hon. Frederick N. Young retired from the Second District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).