[Cite as *State v. Eicholtz*, 2014-Ohio-3837.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                     :

    Plaintiff-Appellee                       :          C.A. CASE NO.    13-CA-100

v.                                                :          T.C. NO.    11-CR-494

JONATHAN EICHOLTZ                                 :          (Criminal appeal from
                                                             Common Pleas Court)

    Defendant-Appellant                      :

                                                  :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     5th     day of     September    , 2014.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Springfield, Ohio
    Attorney for Plaintiff-Appellee

 JONATHAN EICHOLTZ, #656-677, Lebanon Correctional Institution, Post Office Box 56, Lebanon, Ohio 45036
    Defendant-Appellant, *pro se*

. . . . . . . . . .

DONOVAN, J.

{¶ 1}     Defendant-appellant Jonathan Eicholtz appeals, pro se, from an October 22,

2013, decision of the Clark County Court of Common Pleas, Criminal Division, denying his petition to vacate or set aside judgment. Eicholtz filed a timely notice of appeal with this Court on November 18, 2013.

{¶ 2} In January of 2012, Eicholtz was convicted of one count of aggravated burglary, in violation of R.C. 2911.11, a felony of the first degree; one count of domestic violence, in violation of R.C. 2919.25, a felony of the third degree; and one count of abduction, in violation of R.C. 2905.02(A)(2), also a felony of the third degree.

{¶ 3} Eicholtz was sentenced to an aggregate prison term of ten years in prison. Eicholtz appealed his conviction and sentence, and we subsequently affirmed the judgment against him in *State v. Eicholtz*, 2d Dist. Clark No. 2012-CA-7, 2013-Ohio-302.

{¶ 4} On December 10, 2012, Eicholtz filed a petition for post-conviction relief and a motion for new trial. On January 18, 2013, Eicholtz filed a second motion for new trial. On January 23, 2013, Eicholtz filed a petition to vacate or set aside judgment of conviction or sentence. In an entry issued on March 1, 2013, the trial court overruled all three of Eicholtz's post-conviction motions. Eicholtz did not appeal the denial of his post-conviction motions.

{¶ 5} Eicholtz filed another petition to vacate or set aside judgment on July 17, 2013. On the same day, Eicholtz filed a "motion for leave to file [a] delayed motion for new trial." On October 22, 2013, the trial court overruled Eicholtz's petition and found that his motion for leave to file a delayed motion for new trial was moot.[1]

---

[1]In its entry finding Eicholtz's motion for leave to file a delayed motion for new trial to be moot, the trial court mistakenly referred to his filing as a "motion for leave to file a delayed appeal."

{¶ 6} It is from this judgment that Eicholtz now appeals.

{¶ 7} Because they are interrelated, Eicholtz's first, second, and fourth assignments of error will be discussed together as follows:

{¶ 8} "THE TRIAL COURT ERRED IN DISMISSING MR. EICHOLTZ['S] PETITION FOR POSTCONVICTION [RELIEF], WHERE APPELLANT PRESENTED EVIDENCE TO SUBSTANTIATE APPELLANT'S ENTITLEMENT TO AN EVIDENTIARY HEARING, THUS, VIOLATING MR. EICHOLTZ['S] RIGHTS UNDER THE FIFTH, SIXTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 1, 2, 9, 10, 16, AND 20 OF THE OHIO CONSTITUTION."

{¶ 9} "APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED WHEN COUNSEL'S PERFORMANCE FAILED TO MEET THE PREVAILING STANDARDS OF PRACTICE, THUS PREJUDICING APPELLANT. U.S. CONST. AMENDS. VI, XIV; OHIO CONST. ART. I, § 10."

{¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO CONDUCT AN EVIDENTIARY HEARING UPON NEWLY DISCOVERED EVIDENCE PURSUANT TO R.C. 2953.23."

{¶ 11} In his first and fourth assignments of error, Eicholtz contends that the trial court erred when it dismissed his petition to vacate or set aside judgment of conviction without holding an evidentiary hearing. In support of his petition, Eicholtz attached several affidavits of individuals who he claims can exonerate him of the crimes for which he was convicted. Specifically, Eicholtz argues that affidavits of Jewel Adkins, Ashley Lisch, Tom Eicholtz, Darren Harmon, and Derek Dixon clearly establish that he was not the individual

who attacked Tabitha Jackson nor did he abduct her. In his second assignment, Eicholtz argues that he was prejudiced by his trial counsel's ineffective assistance because his counsel failed to adequately investigate the case prior to trial.

{¶ 12} Post-conviction relief is governed by R.C. 2953.21. The statute provides, in pertinent part, that:

> Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief. R.C. 2953.21(A)(1)(a).

{¶ 13} "A post[-]conviction proceeding is not an appeal of a criminal conviction, but, rather, a collateral civil attack on the judgment." *State v. Stefen,* 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). See, also, *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶48. To prevail on a petition for post-conviction relief, the defendant must establish a violation of his constitutional rights which renders the judgment of conviction void or voidable. R.C. 2953.21.

{¶ 14} The post-conviction relief statutes do "not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required."

*State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). Rather, in addressing a petition for post-conviction relief, a trial court plays a gatekeeping role as to whether a defendant will receive a hearing. *Gondor* at ¶51. A trial court may dismiss a petition for post-conviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun,* 86 Ohio St.3d 279, 714 N.E. 2d 905 (1999), paragraph two of the syllabus; *Gondor* at ¶51.

{¶ 15} We review the trial court's denial of Eicholtz's petition for an abuse of discretion. *Gondor* at ¶52. As the Supreme Court of Ohio determined:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. (Internal citation omitted). It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 16} " '[I]n a petition for post-conviction relief, which asserts ineffective

assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.' " *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983), quoting *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980).

**{¶ 17}** The Ohio Supreme Court has held that "in reviewing a petition for post-conviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." *State v. Calhoun*, 86 Ohio St.3d 279, 284, 714 N.E.2d 905 (1999). "The trial court may, under appropriate circumstances in post-conviction relief proceedings, deem affidavit testimony to lack credibility without first observing or examining the affiant." *Id*.

**{¶ 18}** In evaluating the credibility of affidavits in post-conviction proceedings, a court should consider all relevant factors, including "(1) whether the judge reviewing the post-conviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial. Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby

weakening the credibility of that testimony." *Id*. at 285. "Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court." *Id*.

{¶ 19} In order to demonstrate ineffective assistance of trial counsel, a defendant must demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that the defendant was prejudiced by counsel's performance; that is, there is a reasonable probability that but for counsel's unprofessional errors, the result of the defendant's trial or proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." *State v. Hill*, 2d Dist. Greene No. 2004 CA 79, 2005-Ohio-3176, ¶ 13. "When the evidence a petitioner relies upon [sic] dehors the record that evidence must meet a threshold of cogency." *Id*. at ¶ 8. "Cogent evidence is that which is more than 'marginally significant' and advances a claim 'beyond mere hypothesis and desire for further discovery.'" *Id*.

{¶ 20} The record discloses that the transcript from Eicholtz's trial was filed as part of his direct appeal in this Court on July 24, 2012. Under R.C. 2953.21(A)(2), Eicholtz's petition would have to have been filed no later than one-hundred-eighty days after July 24, 2012, which would have been January 20, 2013. Accordingly, by filing the petition which

is the subject of this appeal on July 17, 2013, Eicholtz was clearly outside the one-hundred-eighty day time limit imposed by R.C. 2953.21(A)(2).

{¶ 21} R.C. 2953.23(A) provides in pertinent part:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court *may not* entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

{¶ 22} As previously noted, Eicholtz has submitted affidavits of Jewel Adkins, Ashley Lisch, Tom Eicholtz, Darren Harmon, and Derek Dixon. Upon review, we conclude that none of the individual affidavits attached to Eicholtz's petition contain any credible

evidence which accounts for his delay in procuring the statements. Moreover, the statements in each affidavit upon review appear deliberately contrived in order to contradict sworn testimony adduced at trial. Essentially, Eicholtz attempts to present additional evidence of his defense theory that he presented at trial, namely that he was not the individual who assaulted Jackson. The jury, however, heard the evidence which supported his theory of defense during the trial, and they chose to disregard it. In fact, the record establishes that Eicholtz's trial counsel presented a vigorous defense wherein he attempted to undermine the State's evidence that Eicholtz was the individual who inflicted the injuries upon Jackson. In her own testimony at trial, Jackson recanted her pre-trial identification of Eicholtz as her assailant and stated that she got into a fight with another woman who injured her. Eicholtz now seeks to suggest that the injuries complained of by Jackson did not exist through his father's, Tom's, affidavit, which contradict his argument that someone else caused them. Thus, we find that Eicholtz did not overcome the threshold requirement set out in R.C. 2953.23(A)(1)(a) that he was "unavoidably prevented" from the discovery of the alleged ineffective assistance of trial counsel during the original trial in this matter.

{¶ 23} Other than self-serving and contradictory statements, Eicholtz made no mention of any obstacles to his discovery relevant to this matter, nor does he provide a reasonable basis for his failure to file his petition in a timely manner. Moreover, Eicholtz makes no attempt to argue that a new federal or state law has been enacted that applies retroactively to his situation.

{¶ 24} Because Eicholtz failed to establish any of the criteria set forth in R.C. 2953.23(A), we find the trial court did not err in overruling his petition for post-conviction

relief.

{¶ 25} Eicholtz's first, second, and fourth assignments of error are overruled.

{¶ 26} Eicholtz's third and final assignment of error is as follows:

{¶ 27} "THE PROSECUTION FAILED TO PROVIDE FAVORABLE INFORMATION TO THE APPELLANT PRIOR TO TRIAL AS IS REQUIRED BY THE FEDERAL CONSTITUTION."

{¶ 28} In his third assignment, Eicholtz argues that the State failed to disclose evidence of Tabitha Jackson's criminal record which contained two prior convictions for falsification.

{¶ 29} In *State v. Goldwire*, 2d Dist. Montgomery No. 20838, 2005-Ohio-5784, ¶ 11, we held the following:

> "The most significant restriction on Ohio's statutory procedure for post-conviction relief is that the doctrine of res judicata requires that the claim presented in support of the petition represent error supported by evidence outside the record generated by the direct criminal proceedings." *State v. Monroe*, Franklin App. No. 04AP-658, 2005-Ohio-5242. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. "Our statutes do not

contemplate relitigation of those claims in post conviction proceedings where there are no allegations to show that they could not have been fully adjudicated by the judgment of conviction and an appeal therefrom." *Id.* "To overcome the res judicata bar, the petitioner must produce new evidence that renders the judgment void or voidable, and show that he could not have appealed the claim based upon information contained in the original record." *State v. Aldridge* (1997), [120] Ohio App.3d 122, 151, 697 N.E.2d 228. "Res judicata also implicitly bars a petitioner from 'repackaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal." *Monroe*.

{¶ 30} The issue regarding the State's failure to disclose Jackson's prior convictions to Eicholtz during discovery clearly could have been raised on direct appeal since the information was introduced at trial. Accordingly, his argument is barred by res judicata.

{¶ 31} Eicholtz's third assignment of error is overruled.

{¶ 32} All of Eicholtz's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Jonathan Eicholtz

Hon. Douglas M. Rastatter