**[Cite as *State v. Smith*, 2020-Ohio-3902.]**

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-76 |
| | : | |
| v. | : | Trial Court Case No. 2008-CR-926 |
| | : | |
| SHELDON SMITH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of July, 2020.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellee

SHELDON SMITH, Inmate No. 617-224, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
     Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Sheldon Smith appeals from an order of the Greene County Court of Common Pleas, denying his motion to journalize a decision on his presentence motion to withdraw his no contest pleas pursuant to Crim.R. 32.1. Smith filed a motion for leave to file a delayed notice of appeal with this Court on December 16, 2019. On January 3, 2020, the State filed a motion to dismiss Smith's notice of appeal as untimely and as not being an appeal from a final appealable order. In an entry issued on February 12, 2020, we sustained Smith's motion for leave to file a delayed appeal pursuant to App.R. 5(A).

{¶ 2} In December 2008, Smith was indicted for the following drug-related offenses: two counts of engaging in a pattern of corrupt activity, conspiracy to commit engaging in a pattern of corrupt activity, two counts of conspiracy to commit trafficking in cocaine, possession of cocaine (with a firearm specification), trafficking in cocaine (with a firearm specification), complicity to commit trafficking in cocaine, possession of criminal tools, four counts of money laundering, and numerous criminal forfeiture specifications involving, among other things, nearly $600,000 in cash and an automobile.

{¶ 3} The record reflects that Smith was indicted on the foregoing charges after police executed search warrants at various places, including his home, and found large quantities of cash and cocaine. Smith subsequently moved to suppress the evidence against him. The trial court held a hearing on the motion, and in May 2009, the trial court sustained the suppression motion in part and overruled it in part. Judgment Entry, May 27, 2009. Thereafter, Smith entered no contest pleas to the charges against him.

{¶ 4} The trial court held a plea hearing on June 1, 2009 and accepted the pleas after advising Smith that he faced a potential maximum prison term of 78 years and a

minimum mandatory term of 11 to 21 years. On October 2, 2009, Smith filed a presentence "motion to vacate" his no contest pleas pursuant to Crim.R. 32.1. Smith supplemented his motion to withdraw his pleas in an additional filing on October 28, 2009. On October 30, the trial court imposed an aggregate sentence of 20 years in prison without an oral or written ruling on Smith's motion to withdraw his pleas.

{¶ 5} Smith appealed his conviction, asserting five assignments of error for our review. First, he contended the trial court erred in failing to enforce a valid plea agreement for a lesser sentence. Second, he claimed the trial court erred in accepting no contest pleas that were not knowingly, intelligently, and voluntarily entered. Third, he asserted that the trial court erred in denying a motion to continue a hearing on enforcement of the alleged plea agreement. Fourth, he argued that he received constitutionally ineffective assistance of trial counsel. Fifth, he claimed that the trial court erred in partially overruling a motion to suppress. We affirmed Smith's conviction in *State v. Smith*, 2d Dist. Greene No. 2009-CA-81, 2010-Ohio-6229 (hereinafter "*Smith I*").

{¶ 6} On July 7, 2010, Smith filed a pro se petition for post-conviction relief, which was subsequently denied by the trial court. In his motion for post-conviction relief, Smith alleged that his trial counsel was ineffective for the following reasons: 1) trial counsel failed to inform the trial court that an investigative report had been created indicating that the ACE task force would not work with "Tuffy" Brooks (someone who had apparently provided information to the police about Smith) because of Brooks's criminal history; and 2) trial counsel failed to advise Smith of his right to have a jury trial on forfeiture issues. Smith also alleged that there were other arguable issues that he would include in an amendment to his petition for post-conviction relief.

{¶ 7} On July 20, 2010, Smith filed a motion to amend, seeking to add additional arguments. In that filing, he renewed his argument that there was evidence that Tuffy Brooks had not been a credible source for information contained in the search-warrant affidavit. Smith also raised a new argument that the search-warrant affidavit was based on false information because the facts attributed to a confidential informant, CS # 3, were denied by an affidavit of the informant attached to Smith's motion to amend.

{¶ 8} The State opposed the petition for post-conviction relief, as well as the motion to amend, and it moved for summary judgment. Following briefing, the trial court sustained the State's motion for summary judgment and denied Smith's petition for post-conviction relief. Although the trial court did not explicitly rule on Smith's motion to amend his petition for post-conviction relief, it implicitly granted the motion by addressing his additional arguments in its November 23, 2010 judgment entry. Smith appealed, and we affirmed the trial court's denial of his petition for post-conviction relief. *See State v. Smith*, 2d Dist. Greene No. 2010-CA-80, 2012-Ohio-113 (*"Smith II"*).

{¶ 9} On October 4, 2012, Smith filed a motion for a new trial, which was denied by the trial court on November 9, 2012. On February 29, 2016, Smith filed a motion to vacate and set aside his convictions. On March 15, 2016, the State filed a motion to dismiss Smith's motion to vacate. The record does not reflect that the trial court has ruled on Smith motion to vacate and set aside his convictions.

{¶ 10} On February 28, 2017, Smith filed a petition for a writ of procedendo in which he asked this Court to compel the trial court to resolve a pending motion in his criminal case. See Greene C.P. No. 2008-CR-926. Specifically, Smith argued that the trial court had not yet decided his motion to vacate plea filed on October 2, 2009 and

supplemented on October 28, 2009. The State filed a motion to dismiss, arguing that the issues raised in the motion had been litigated and the motion denied.

**{¶ 11}** On August 7, 2017, we held that Smith's motion to vacate his plea had been "implicitly overruled when the trial court proceeded to sentence him on that plea on October 30, 2009." *State ex rel. Smith v. Wolaver*, 2d Dist. Greene No. 2017-CA-0014, 2017-Ohio-8190, ¶ 17 ("*Smith III*"). Specifically, we found that the judgment sentencing Smith on his pleas was consistent with an implied overruling of the motion to vacate the plea. *Id.* at ¶ 19. We concluded that the circumstances of the case established that the trial court did not intend "to allow Smith to withdraw his plea yet sentenced Smith anyway, or that the court intended to deal with the motion later, yet sentenced Smith and had him transported to prison." *Id.* Thus, we concluded that the circumstances clearly established that overruling the motion to vacate the plea was "what the lower court actually intended to do." *Id.* at ¶ 19, citing *State v. Ryerson*, 12th Dist. Butler No. CA2003-06-153, 2004-Ohio-3353, ¶ 54.

**{¶ 12}** On January 23, 2018, Smith filed a "Motion for Journalization of the Judgment Pursuant to Civil Rule 58, Criminal Rule 32, and Sup.R. 7 Regarding a Presentence Motion to Vacate Plea." On September 12, 2019, the trial court denied Smith's motion to journalize a judgment with respect to his presentence motion to withdraw his no contest pleas; the trial court specifically noted that we had previously held that "Smith's Motion to Vacate Plea was implicitly overruled when the trial court proceeded to sentence him on that plea on October 30, 2009." *Smith III* at ¶ 17.

**{¶ 13}** It is from this order that Smith now appeals.

**{¶ 14}** Smith's sole assignment of error is as follows:

THIS IS A CLEAR-CUT CASE OF ABUSE OF DISCRETION WHERE A TRIAL COURT DOES NOT CONDUCT THE MANDATORY HEARING PURSUANT TO CRIM.R. 32.1 TO DETERMINE WHETHER THERE IS A REASONABLE AND LEGITIMATE BASIS FOR THE PRE-SENTENCE WRITTEN MOTION TO WITHDRAW [THE] PLEA. STATE V. XIE[,] 62 OHIO ST. 3D 521[,] WHICH MAKES IT REVERSIBLE, SO IT CAN BE REMANDED FOR FURTHER PROCEEDINGS IN HARMONY WITH THE STATUTE AND AUTHORITY OF CRIM.R. 32.1.

{¶ 15} Smith argues that the trial court abused its discretion when it failed to conduct a hearing on his presentence motion to withdraw his no contest pleas. (Notably, this argument differs from that raised in the trial court, where Smith asked that the implicit denial of his motion be journalized.)

{¶ 16} R.C. 2953.21(A)(1)(a) provides that "[a]ny person who has been convicted of a criminal offense * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." The statute further provides that the "petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief." "We review trial court decisions on petitions for post-conviction relief under an abuse of discretion standard." (Citations omitted.) *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 27. "The term 'abuse of discretion' has been defined as a decision that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *State v. Howard*, 2d Dist. Montgomery No. 26060, 2014-Ohio-4602, ¶ 8.

{¶ 17} As this Court stated in *State v. Goldwire*, 2d Dist. Montgomery No. 20838,

2005-Ohio-5784:

"The post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment." *State v. Monroe*, Franklin App. No. 04AP-658, 2005-Ohio-5242. R.C. 2953.21 allows "[a]ny person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the conviction void or voidable under the Ohio Constitution or the United States Constitution" to petition the trial court to vacate or set aside his sentence. "[I]n order to succeed on such a petition, the petitioner must show that a constitutional violation occurred at the time of his trial and conviction." *State v. Hill*, Greene App. No. 2004 CA 79, 2005-Ohio-3176. It is the petitioner's burden to submit "evidentiary documents with sufficient facts to demonstrate a constitutional deprivation, such as ineffective assistance of counsel." *Id.*

* * *

"The most significant restriction on Ohio's statutory procedure for post-conviction relief is that the doctrine of res judicata requires that the claim presented in support of the petition represent error supported by evidence outside the record generated by the direct criminal proceedings." *State v. Monroe*, Franklin App. No. 04AP-658, 2005-Ohio-5242. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that

was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. "Our statutes do not contemplate relitigation of those claims in post-conviction proceedings where there are no allegations to show that they could not have been fully adjudicated by the judgment of conviction and an appeal therefrom." *Id.* "To overcome the res judicata bar, the petitioner must produce new evidence that renders the judgment void or voidable, and show that he could not have appealed the claim based upon information contained in the original record." *State v. Aldridge* (1997), [120] Ohio App.3d 122, 151, 697 N.E.2d 228. "Res judicata also implicitly bars a petitioner from 'repackaging' evidence or issues which either were, or could have been, raised in the context of the petitioner's trial or direct appeal." *Monroe*.

*Id.* at ¶ 9-11.

{¶ 18} Smith submitted no new evidence from outside the record in support of his argument that the trial court abused its discretion in failing to conduct a hearing on his Crim.R. 32.1 motion to withdraw his pleas. Indeed, Smith has submitted no supporting documentation or evidence of any kind in support of his motion to journalize a decision on his presentence motion to withdraw his no contest pleas pursuant to Crim.R. 32.1. Thus, Smith has failed to set forth sufficient operative facts to establish substantive grounds for relief. *See State v. Banks*, 2d Dist. Montgomery No. 25188, 2013-Ohio-2116, ¶ 19.

{¶ 19} As previously stated, in *Smith III*, we held that "Smith's Motion to Vacate

Plea was implicitly overruled when the trial court proceeded to sentence him on that plea on October 30, 2009." *Id.* at ¶ 17.   Therefore, a final appealable order existed regarding Smith's motion to withdraw his no contest pleas at the time his initial appeal was filed in 2009.   As is evident from the record, Smith failed to raise any issues in his direct appeal with respect to his motion to withdraw his no contest pleas, which would have been the proper time to do so.   Accordingly, Smith's claims that the trial court abused its discretion by failing to conduct a hearing and/or failing to journalize the implicit denial of the motion were barred by res judicata.

{¶ 20} Smith's sole assignment of error is overruled.

{¶ 21} Smith's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.

Copies sent to:

Marcy A. Vonderwell
Sheldon Smith
Hon. Stephen Wolaver