[Cite as *State v. Bowman*, 2023-Ohio-2078.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-3 |
| | : | |
| v. | : | Trial Court Case No. 20-CR-00084 |
| | : | |
| RICHARD M. BOWMAN | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 23, 2023

. . . . . . . . . . .

R. KELLY ORMSBY, III, Attorney for Appellee

RICHARD M. BOWMAN, Pro Se Appellant

. . . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Richard M. Bowman appeals pro se from an order of the Darke County Court of Common Pleas denying his timely petition for postconviction relief following his conviction for aggravated murder. He argues that he was denied the right to an impartial jury, that he was denied the right to counsel during an interview with law enforcement, that the prosecutor engaged in misconduct by suborning perjury and offering improper

opinions, and that he received ineffective assistance of counsel. Because Bowman failed to present any competent, relevant, and material evidence outside the record in support of his claims, his claims were barred by res judicata. The judgment of the trial court is affirmed.

## Facts and Procedural History

{¶ 2} Bowman was indicted in June 2020 for the aggravated murder of his wife of 40 years, Teresa Bowman. Bowman claimed he had found Teresa on the floor near a ladder in the garage of their home, with a bleeding laceration on the back of her head; he called 911 around 11:30 a.m. He advised dispatch that it appeared Teresa had hit her head on the back of the truck after falling from the ladder. With the guidance of dispatch, Bowman performed CPR on Teresa, and he indicated that his clothing became bloody while doing so.

{¶ 3} The first law enforcement officer to arrive at the scene did not observe any blood on Bowman's person or clothing. The officer noted that Bowman wore a red long-sleeved sweatshirt/jacket with a white emblem on the left breast plate, blue jeans, and brown work boots/shoes. During their investigation, officers obtained surveillance video and attempted to confirm Bowman's story that, before the murder, he had left home at 9:30 a.m. to run multiple errands. A video obtained from a Dollar General store showed Bowman in a dark jacket/vest and dark shoes with blue jeans, distinct from the clothing he was wearing when police arrived at his home. Bowman and his vehicle were not observed on other surveillance videos obtained from different locations where he claimed to have been.

{¶ 4} At the time of the murder, Bowman was in a relationship with Katherine Marker. Brian Mader, a fellow inmate of Bowman's at the Darke County Jail, testified at trial that Bowman had told him that the police missed finding a two-by-four that Bowman used to hit his wife in the head, that Bowman had burned the two-by-four along with some clothing, that he was going to receive money from his wife's death, and that he and Marker wanted to find their own place to live. Marker testified that Bowman had told her that he got blood all over his clothes when he attempted CPR on Teresa and that he burned the bloody clothing.

{¶ 5} Autopsy results concluded that Teresa's cause of death was strangulation. The laceration on her head was found to be the result of blunt force trauma more likely caused from being struck with an object than from an impact with a flat surface.

{¶ 6} Before trial, Bowman moved to suppress statements made during an interview with law enforcement, and the court overruled the motion. A jury found him guilty, and the trial court sentenced him to a mandatory term of life in prison with the possibility of parole after 20 years. Bowman timely filed a direct appeal, and we affirmed Bowman's conviction on August 5, 2022. *State v. Bowman*, 2d Dist. Darke No. 2021-CA-14, 2022-Ohio-2705. The Ohio Supreme Court declined to accept jurisdiction of Bowman's appeal from this Court's judgment. *State v. Bowman*, 168 Ohio St.3d 1472, 2022-Ohio-4380, 199 N.E.3d 543.

{¶ 7} On November 7, 2022, Bowman filed a lengthy pro se petition for postconviction relief pursuant to R.C. 2953.21, alleging, among other things, ineffective assistance of counsel and that he had been denied the right to counsel while being

interviewed by law enforcement. Bowman requested a hearing on his petition. The State opposed the motion. The trial court overruled the motion without a hearing on December 29, 2022. Relying on *State v. Blanton*, Ohio Slip Opinion No. 2022-Ohio-3985, __ N.E.3d __, the trial court concluded that, because new counsel had been appointed for Bowman on his direct appeal, Bowman had been required to assert his claim of ineffective assistance of counsel in his direct appeal; because Bowman failed to do so, res judicata barred his claim. The court also found that Bowman's claim regarding the denial of his motion to suppress could have been raised in his direct appeal, because it could have been litigated on the existing record and, as such, it was also barred by res judicata.

### Arguments and Analysis

{¶ 8} Bowman's brief does not delineate clear assignments of error. The State construes Bowman's brief to argue that the trial court erred in denying his petition for postconviction relief. In his reply brief, Bowman sets forth the following four assignments of error: "(1) 6th Amendment violation (right to an impartial jury), (2) 5th Amendment violation (right to counsel during the interview (Miranda challenge * * *), (3) Prosecutorial misconduct (subornation of perjury (witness) becoming unsworn witness), (4) Ineffective assistance of counsel." We will consider the assignments of error together.

{¶ 9} Bowman's first assignment of error relates to the argument in his petition that the Bowman family and the in-laws of one juror, Ms. D., had been in a lengthy feud, rendering Ms. D. biased against him. Bowman's second assignment of error relates to the alleged denial of his right to counsel during an interview with law enforcement during

which he was allegedly intoxicated.[1]   In his third assignment of error, Bowman asserts that the prosecutor engaged in misconduct in the presentation of a fellow inmate's allegedly perjured testimony and in closing argument by becoming an "unsworn witness."

{¶ 10} In his fourth assignment of error, Bowman points to multiple instances of alleged ineffective assistance raised in Bowman's petition, including counsel's failure to challenge the "biased" juror after being advised by Bowman about the family feud; failure to present "critical evidence," namely the clothing Bowman was allegedly wearing on the day of his wife's murder, which lacked any blood after performing CPR on her; failure to object to the incriminating testimony of inmate Mader; failure to advise Bowman that he was able to testify on his own behalf when Bowman's testimony allegedly would have resulted in an acquittal; failure to investigate defenses, such as his girlfriend Marker's potential involvement in the murder; failure to object to alleged prosecutorial misconduct at trial in the form of improper opinions expressed by the prosecutor at closing; failure to hire a behavioral psychologist to provide expert testimony regarding Bowman's impairment during his interview with law enforcement; and failure to call "important"

---

[1] In overruling Bowman's motion to suppress his statements to law enforcement, the trial court found, after listening to the recorded interview, that: Bowman had not been in custody at the time; that he had responded appropriately in discussing the incident and denying culpability, without any indication of slurred speech; that undue influence, coercion, or unfair tactics were not used against him; and that at no time did Bowman request an attorney.

witnesses from the defense witness list.[2]

{¶ 11} R.C. 2953.21 governs petitions for post-conviction relief. R.C. 2953.21(A)(1)(a) provides:

A person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:

(i) Any person who has been convicted of a criminal offense * * * and who claims there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.

{¶ 12} "A petition for 'postconviction relief is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction.' " *State v. Mott*, 2d Dist. Clark No. 2021-CA-63, 2022-Ohio-2894, ¶ 10, quoting *State v. Monroe*, 2015-Ohio-844, 29 N.E.3d 391, ¶ 37 (10th Dist.). The postconviction relief process is a civil collateral attack on a criminal judgment and is not an appeal of the judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714

---

[2] The record reflects that, at the start of trial proceedings, Bowman indicated in response to questions by the trial court that there had been no communication problems between him and defense counsel and that Bowman had been engaged in the pretrial process. After closing arguments, the court again expressly ascertained from Bowman that there were no communication problems between Bowman and defense counsel, that counsel was responsive to Bowman's suggestions, and that Bowman was satisfied with defense counsel's representation.

N.E.2d 905 (1999).

{¶ 13} The petitioner "may file a supporting affidavit and other documentary evidence in support of the claim for relief." R.C. 2953.21(A)(1)(b). The trial court is required to consider the petition and any supporting affidavits and documentary evidence. R.C. 2953.21(D). "When the evidence a defendant relies upon [is] dehors the record that evidence must meet a threshold of cogency. * * *." *State v. Hill*, 2d Dist. Greene No. 2004-CA-79, 2005-Ohio-3176, ¶ 8, quoting *State v. Lawson*, 103 Ohio App.3d 307, 659 N.E.2d 362 (12th Dist.1995). "Cogent evidence is that which is more than 'marginally significant' and advances a claim 'beyond mere hypothesis and desire for further discovery.' " *Id.*

{¶ 14} A postconviction relief petitioner is not automatically entitled to a hearing. *Calhoun* at 282. Instead, "a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 51. Before granting a hearing on a petition, the trial court shall determine whether there are substantive grounds for relief. *State v. Perry*, 2016-Ohio-4582, 66 N.E.3d 1109, ¶ 24 (2d Dist.). It is the petitioner's initial burden to provide evidence containing sufficient operative facts to show a cognizable claim of constitutional error. *State v. Kapper*, 5 Ohio St.3d 36, 37-38, 448 N.E.2d 823 (1983). "A petitioner is not entitled to a hearing if his claim for relief is belied by the record and is unsupported by any operative facts other than [his] own self-serving affidavit or statements in his petition, which alone are legally insufficient to rebut the record on review." *Id.* "Broad conclusory allegations are insufficient, as a matter of law, to require a hearing." *State v. Coleman*,

2d Dist. Clark Nos. 2004-CA-43, 2004-CA-44, 2005-Ohio-3874, ¶ 17.

{¶ 15} Res judicata is applicable in all postconviction relief proceedings. *Blanton*, Ohio Slip Opinion No. 2022-Ohio-3985, __ N.E.3d __, ¶ 43. In *State v. Goldwire,* 2d Dist. Montgomery No. 20838, 2005-Ohio-5784, ¶ 11, this Court discussed the role the doctrine of res judicata plays in the analysis of petitions for postconviction relief:

> "The most significant restriction on Ohio's Statutory procedure for post-conviction relief is that the doctrine of res judicata requires that the claim presented in support of the petition represent error supported by evidence outside the record generated by the direct criminal proceedings." *State v. Monroe*, Franklin App. No. 04AP-658, 2005-Ohio-5242. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. "Our statutes do not contemplate relitigation of those claims in postconviction proceedings where there are no allegations to show that they could not have been fully adjudicated by the judgment of conviction and an appeal therefrom." *Id.* "To overcome the res judicata bar, the petitioner must produce new evidence that renders the judgment void or voidable, and show that he could not have appealed the claims based upon information

contained in the original record." *State v. Aldridge* (1997), 120 Ohio App.3d 122, 151, 697 N.E.2d 228. " 'Res judicata also implicitly bars a petitioner from 'repackaging' evidence or issues which either were, or could have been, raised, in the context of the petitioner's trial or direct appeal.['] " *Monroe.*

"For a defendant to avoid dismissal of the petition by operation of res judicata, the evidence supporting the claims in the petition must be competent, relevant, and material evidence outside the trial court record, and it must not be evidence that existed or was available for use at the time of trial. * * *." *State v. Jackson*, 10th Dist. Franklin Nos. 06AP-631, 06AP-668, 2007-Ohio-1474, ¶ 21.

{¶ 16} "We review a trial court's denial of post-conviction relief under R.C. 2953.21 for an abuse of discretion * * *." *State v. White*, 118 Ohio St.3d 12, 2008-Ohio-1623, 885 N.E.2d 905, ¶ 45. "The term 'abuse of discretion' has been defined as a decision that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *State v. Howard*, 2d Dist. Montgomery No. 26060, 2014-Ohio-4602, ¶ 8.

{¶ 17} Before addressing Bowman's assigned errors, we note that pro se litigants are presumed to have knowledge of the law and of correct legal procedure and are held to the same standard as other litigants. *State v. Grieco,* 2d Dist. Montgomery No. 28822, 2021-Ohio-735, ¶ 20. Bowman is accordingly bound by any errors of his own making.

{¶ 18} Bowman's pro se petition for postconviction relief was presented in the form of a lengthy narrative criticizing multiple aspects of his trial, with no supporting affidavits. He attached motions for appointment of counsel and for expert assistance; an affidavit of

indigence; a copy of his and Teresa's mortgage; correspondence from an animal clinic related to the death of the Bowman's dog after ingesting rat poison prior to Teresa's murder; two pages of this Court's decision affirming his conviction related to Mader's testimony; a hand-drawn diagram by Bowman of the placement of Teresa's body when he allegedly found her in the garage; and photos of clothing he allegedly wore at the time he found Teresa.

{¶ 19} We conclude that Bowman failed to comply with the statutory requirements for postconviction relief, and his arguments were all barred by res judicata. Bowman's petition did not contain any supporting evidentiary documents containing operative facts that would, if proven, establish a substantive ground for relief. He also did not rely on any evidence that did not exist or was not available to him for use at trial or on appeal. The bases of Bowman's claims were or should have been known to him at the time of trial but were not presented then or in his direct appeal. The broad, self-serving statements in Bowman's petition were insufficient to rebut the record. Accordingly, Bowman failed to advance his claims beyond mere hypothesis and a desire for extended discovery. The trial court did not abuse its discretion in denying Bowman's petition. Bowman's four assignments of error are overruled.

## Conclusion

{¶ 20} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.